**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL NUCCI and KELLY SHAW, individually and on behalf of all others similarly situated and the California Labor & Workforce Development Agency, and ANA GOSWICK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RITE AID CORPORATION, THRIFTY PAYLESS, INC. and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 19-cv-01434-LHK <br><br> **SECOND AMENDED COMPLAINT FOR:** <br><br> 1. **FAILURE TO INDEMNIFY BUSINESS EXPENSES** <br><br> 2. **FAILURE TO REIMBURSE FOR REQUIRED UNIFORMS** <br><br> 3. **FAILURE TO PAY MINIMUM WAGE** <br><br> 4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS** <br><br> 5. **WAITING TIME PENALTIES** <br><br> 6. **UNFAIR BUSINESS PRACTICES** <br><br> 7. **INJUNCTION** <br><br> 8. **PENALTIES UNDER PAGA** <br><br> <u>**CLASS ACTION**</u> <br><br> **DEMAND FOR JURY TRIAL** |

**Second Amended Class Action Complaint**
*Nucci, et al. v. Rite Aid Corporation*                                    Case No. 19-cv-01434-LHK

1    Kristal Nucci, Kelly Shaw, and Ana Goswick ("Named Plaintiffs") are informed and

2 believe and thereupon allege the following:

3 **I.    INTRODUCTION**

4    1.    This is a class action, public injunction, and PAGA case arising from the labor

5 law violations of defendants Rite Aid Corporation ("Rite Aid") and Thrifty Payless, Inc.

6 ("Thrifty") (Rite Aid and Thrifty together, "Defendants").

7    2.    This case seeks to remedy Defendants' failure to reimburse necessary business

8 expenditures, failure to pay for required work uniforms, failure to pay minimum wages, failure

9 to issue accurate wage statements, failure to pay wages due on termination of employment, and

10 failure to pay all wages due on regularly scheduled paydays.

11    3.    Named Plaintiffs bring Causes of Action One through Six as class action claims

12 pursuant Federal Rule of Civil Procedure 23.  These claims are asserted by Named Plaintiffs in

13 their capacity as class action representatives on behalf of all similarly situated persons (the

14 "Class").  The Class consists of all individuals employed at any Rite Aid store in California as

15 a non-exempt employee at any time during the Class Period.  The Class Period is designated as

16 the period from 4 years prior to the filing of this action through the trial date.

17    4.    Named Plaintiffs bring Cause of Action Seven as a claim for public injunctive

18 relief to protect to the public at large from Defendants' ongoing violations of the law.

19    5.    Named Plaintiffs Nucci and Shaw bring Cause of Action Eight on behalf of the

20 California Labor and Workforce Development Agency ("LWDA") pursuant to the Private

21 Attorneys General Act of 2004 ("PAGA") to collect civil penalties arising from Defendants'

22 labor law violations committed against all Aggrieved Employees.  The Aggrieved Employees

23 include all individuals employed at any Rite Aid store in California as a non-exempt employee

24 at any time from March 19, 2018 through the trial date.

25    6.    As used herein, "Plaintiffs" means Named Plaintiffs, all members of the Class,

26 and all Aggrieved Employees.

27    7.    Plaintiffs have been injured by Defendants' unlawful conduct as described

28 herein.

**Second Amended Class Action Complaint**
*Nucci, et al. v. Rite Aid Corporation*                                    Case No. 19-cv-01434-LHK
**Page 1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8.      For these injuries, Plaintiffs seek damages, penalties, civil penalties, interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code § 201, 202, 203, 204, 204b, 210, 226, 558, 1194, 1194.2, 1197, 1197.1, 2802, and § 2698, *et seq*.; IWC Wage Order No. 7, §§ 4 and 9(A); California Code of Civil Procedure § 1021.5; and California Business & Professions Code § 17200, *et seq*.

9.      All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

10.      Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

## II.      PARTIES

11.      Defendant Rite Aid Corporation is a Delaware Corporation, registered to and conducting business in California.  Rite aid operates retail stores throughout the United States, including approximately 550 stores in California.

12.      Defendant Thrifty Payless, Inc. is a California Corporation and is owned by defendant Rite Aid.  Thrifty and Rite Aid operate all Rite Aid Stores in California.

13.      Named Plaintiff Kristal Nucci is a resident of Santa Cruz County, California. Ms. Nucci has been employed by Rite Aid since May of 2015, and has worked as a non-exempt retail employee in Rite Aid stores in Capitola and Aptos, California.

14.      Named Plaintiff Ana Goswick is a resident of San Diego County, California. Ms. Goswick was employed by Rite Aid from 2006 until approximately October of 2017.  Ms. Goswick worked as a non-exempt retail employee in Rite Aid stores in Chula Vista, California.

15.      Named Plaintiff Kelly Shaw is a resident of Contra Costa County, California. Ms. Shaw has been employed by Rite Aid since 2017, and has worked as a non-exempt retail employee in Rite Aid stores in Contra Costa County, California.

16.      Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly.  Each of the defendants named herein or designated as a Doe is liable

1  or in some manner legally responsible for the events alleged herein.

2  ## III.   JURISDICTION AND VENUE

3        17.     This Court has subject matter jurisdiction of this action under the Class Action

4  Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims asserted

5  herein will exceed $5,000,000, and the parties to this action are residents of different states.

6        18.     This Court has personal jurisdiction over Rite Aid because Rite aid has

7  significant contacts with California by virtue of its extensive business operations in California,

8  and has purposefully availed itself of the privileges and immunities of conducting business in

9  California.

10       19.     This Court has personal jurisdiction over Thrifty because Thrifty is incorporated

11 in California and has significant contacts with California by virtue of its extensive business

12 operations in California, and has purposefully availed itself of the privileges and immunities of

13 conducting business in California.

14       20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a

15 substantial part of the events or omissions giving rise to the claims asserted herein occurred in

16 this District.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because

17 Rite Aid and Thrifty are subject to this Court's personal jurisdiction with respect to this civil

18 action and therefore reside in this District pursuant to 28 U.S.C. § 1391(c)(2).  Venue is also

19 proper in this Court pursuant to 28 U.S.C. § 1391(d) because Rite Aid and Thrifty have

20 sufficient contacts in this District to establish personal jurisdiction in this District.

21 ## IV.   GENERAL ALLEGATIONS

22       21.     During the Class Period, Defendants have operated approximately 550 stores in

23 California.

24       22.     Throughout the Class Period, Defendants have required, by company-wide

25 policy, that their store employees, including Plaintiffs, wear only "royal" blue shirts and khaki

26 pants while working.  Defendants do not reimburse employees for the expense of obtaining

27 these required clothing items.  These clothing items are of a "distinctive design or color" and

28 are not generally usable in the occupation, and therefore constitute a uniform under Wage

1  Order 7, § 9(A).[1]  By failing to pay for these uniforms, Defendants violate this provision of the

2  wage order.

3      23.    Further, because these clothing items are required as a condition of employment,

4  they constitute necessary business expenses which must be reimbursed by Defendants.  By

5  failing to reimburse Plaintiffs for these clothing items, Defendants violate Labor Code § 2802,

6  which provides that "an employer shall indemnify his or her employee for all necessary

7  expenditures or losses incurred by the employee in direct consequence of the discharge of his

8  or her duties."

9      24.    Further, by requiring Plaintiffs, many of whom are paid at or near the minimum

10 wage, to purchase their own uniforms, Defendants push their wages below the legal minimum.

11 This conduct violates Labor Code § 1197 and IWC Wage Order No. 7, § 4.[2]

12     25.    Further, by requiring Plaintiffs to purchase their own uniforms, and by failing to

13 pay minimum wages as a result, Defendants fail to provide Plaintiffs with wage statements that

14 accurately reflect, *inter alia*, net wages earned, deductions, and applicable hourly rates.  This

15 conduct violates Labor Code § 226(a).

16     26.    Further, by requiring Plaintiffs to purchase their own uniforms, and by failing to

17 pay minimum wages as a result, Defendants fail to pay all wages due at the termination of

18 _____

19 [1] *See*, *Becerra v. RadioShack Corp.*, 2012 U.S. Dist. LEXIS 175522, at *16-17 (C.D. Cal.

20 2012) ("when the employer specifies a particular design … or a specific color combination
(blue shirt with tan pants), unless that design or color specification is common to the

21 occupation … it is a 'uniform' and the employer is obligated to reimburse employees for its
cost"); IWC, 1976 Wage Order Statement of Basis ("when the employer specifies the design or

22 color [of work clothing] … the employer does so for his or her own advantage as a matter of
advertising, public image, or some other business function … It is inappropriate for employers

23 to require employees to bear such an expense").

24 [2] *See, Sanchez v. Aerogroup Retail Holdings, Inc.*, 2013 U.S. Dist. LEXIS 66571, at *32 (N.D.

25 Cal. 2013) ("An employer who causes an employee to bear expenses which reduce the
employee's net pay below the minimum wage has committed two wrongs.  First, the employer

26 has not reimbursed the employee for expenses as required by Section 2802.  Second, the
employer has caused the employee to have to satisfy the employee's living expenses with less

27 than the minimum wage"); *Brown v. Abercrombie & Fitch Co.*, 2015 U.S. Dist. LEXIS

28 176214, at *24-25 (C.D. Cal. 2015) (citing *id*.).

1    employment.  This conduct violates Labor Code §§ 201 and 202.

2        27.    Further, by requiring Plaintiffs to purchase their own uniforms, and by failing to

3    pay minimum wages as a result, Defendants fail to pay all wages due on regular paydays.  This

4    conduct violates Labor Code §§ 204 and/or 204b.

5        28.    Defendants' violations of California law as described herein constitute unlawful,

6    unfair, and fraudulent business practices under Business and Professions Code § 17200, *et seq*.,

7    and Plaintiffs have been injured in fact, and have lost money or property as a result of

8    Defendants' unfair competition and unlawful practices.

9        29.    Named Plaintiffs seek to enjoin the Defendants' unlawful practices as described

10   herein.  Named Plaintiffs have been injured in fact and have lost money and property as a

11   result of these practices, and bring their claim for injunctive relief to prevent further harm to

12   the public at large, which continues to face and suffer harm as a result of the Defendants'

13   practices.  Named Plaintiffs seek preliminary and permanent injunctions to prohibit the

14   Defendants' ongoing unlawful acts, which threaten future injury to the public.

15   **V.    CLASS ACTION ALLEGATIONS**

16       30.    Named Plaintiffs bring Causes of Action One through Six on behalf of

17   themselves and as a class action pursuant to Federal Rule of Civil Procedure 23.

18       31.    The class that Named Plaintiffs seek to represent is defined as follows: All

19   individuals employed at any Rite Aid store in California as a non-exempt employee at any time

20   during the Class Period.

21       32.    The claims alleged by Named Plaintiffs may properly be maintained as a class

22   action pursuant to Federal Rule of Civil Procedure 23 because the requirements of that Rule

23   are satisfied with respect to those claims.

24       **A.    Numerosity**

25       33.    The total number of members of the Class is believed to be in excess of 10,000

26   persons.  Accordingly, joinder of all class members would be impractical.

27

28

1

**B.      Commonality**

2      34.      There are numerous questions of law and fact common to the Class.  Such

3    questions include, but are not limited to, the following:

4           (1)      Whether Defendants, as a matter of common policy, failed to indemnify

5    Plaintiffs for job-related expenses, including required clothing;

6           (2)      Whether the clothing required by Defendants constitutes a uniform under

7    California law;

8           (3)      Whether Defendants' actions as described herein constitute violations of

9    California Business and Professions Code § 17200, *et seq*.;

10           (4)      The proper formula for calculating damages and restitution owed to

11    Plaintiffs;

12           (5)      Whether Defendants will, unless enjoined, continue the practices alleged

13    herein; and

14           (6)      The terms and conditions of the injunction to be issued against

15    Defendants.

16    **C.      Typicality**

17      35.      Named Plaintiffs' claims are typical of the claims of the Class.  Named Plaintiffs

18    and all members of the proposed Class are or were subjected to the same policies and

19    procedures, and their claims arise out of Defendants' common course of conduct and are based

20    on the same legal and remedial theories.

21    **D.      Adequacy of Representation**

22      36.      Named Plaintiffs will fairly and adequately protect the interests of the Class.

23    Named Plaintiffs have retained competent and capable attorneys who are experienced trial

24    lawyers with significant experience in complex and class action litigation, including

25    employment litigation.  Named Plaintiffs and their counsel are committed to prosecuting this

26    action vigorously on behalf of the Class and have the financial resources to do so.  Neither

27    Named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those

28    of the Class.

1       **E.      Propriety of Certification under FRCP 23(b)(3)**

2       37.      Questions of law and fact common to the Class, including the common question

3 described above, predominate over any questions affecting only individual members.

4 Adjudication of these common issues in a single action has important and desirable advantages

5 of judicial economy.  Moreover, there are no unusual difficulties likely to be encountered in

6 the management of this case as a class action.  The identity of each member of the proposed

7 Class can be established by uniform records maintained by Defendants.

8       38.      The class action mechanism is superior to any alternatives that might exist for the

9 fair and efficient adjudication of these claims.  Prosecution of this case as a class action will

10 permit a large number of injured parties to pursue their common claims in a single forum, at

11 the same time, which will promote efficiency, prevent duplication of evidence and efforts, and

12 preserve judicial resources and the resources of the parties.  A class action will avoid

13 potentially inconsistent results in numerous individual trials or other judicial actions.  Further,

14 class treatment is the only realistic means by which Plaintiffs – almost all of whom are low

15 wage employees without substantial resources – can effectively litigate against large, well-

16 represented corporate defendants like Rite Aid and Thrifty.  In the absence of a class action,

17 Defendants will be unjustly enriched by the retention of the fruits and benefits of their

18 unlawful conduct.  A multiplicity of repetitive individual actions would also place an enormous

19 burden on the courts.

20       **F.      Propriety of Certification under FRCP 23(b)(2)**

21       39.      Class certification is appropriate under FRCP 23(b)(2) because Defendants have

22 acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class,

23 making appropriate declaratory and injunctive relief with respect to the Class as a whole.  The

24 Class members are entitled to injunctive relief to end Defendants' common, uniform, and

25 unfair policies and practices as described herein.

26 / / /

27 / / /

28 / / /

1    VI.    CAUSES OF ACTION

2                             **FIRST CAUSE OF ACTION**
                        **Failure to Indemnify Business Expenses**
3                        **(California Labor Code § 2802)**

4         40.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

5    forth herein.

6         41.    California Labor Code § 2802 requires employers to indemnify employees for all

7    necessary expenditures incurred by the employee in performing his or her job.

8         42.    As alleged herein, Defendants require Plaintiffs to purchase supplies, including

9    clothing of distinctive design or color, necessary to perform Plaintiffs' job duties.

10        43.    Such expenditures by Plaintiffs are incurred in direct consequence of the

11   discharge of Plaintiffs' job duties.

12        44.    Defendants do not reimburse Plaintiffs for these necessary expenditures.

13        45.    As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for

14   these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

15        46.    Plaintiffs are therefore entitled to recover reimbursement for these necessary

16   expenditures, and also, to recover costs, interest, and attorney's fees as provided by California

17   law, including Labor Code § 2802(c).

18                            **SECOND CAUSE OF ACTION**
                          **Failure to Provide Uniforms**
19                        **(IWC Wage Order No. 7, § 9(A))**

20        47.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

21   forth herein.

22        48.    IWC Wage Order 7, § 9(A) provides: "When uniforms are required by the

23   employer to be worn by the employee as a condition of employment, such uniforms shall be

24   provided and maintained by the employer.  The term 'uniform' includes wearing apparel and

25   accessories of distinctive design or color."

26        49.    As alleged herein, Defendants require Plaintiffs to wear clothing of a distinctive

27   design and color, but fail to provide or reimburse Plaintiffs for these uniforms.

28        50.    As a direct and proximate result of this conduct, Plaintiffs have been injured in

1   an amount to be proved at trial.

2       51.    Plaintiffs are therefore entitled to recover damages for these clothing

3   expenditures, and also, to recover costs, interest, and attorney's fees as provided by California

4   law.

5   **THIRD CAUSE OF ACTION**<br>**Failure To Pay Minimum Wage**<br>**(California Labor Code §§ 1194, 1194.2, 1197;**

6   **IWC Wage Order No. 7, § 4(A))**

7       52.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

8   forth herein.

9       53.    California law, including but not limited to California Labor Code § 1197 and

10  IWC Wage Order No. 7, § 4(A), requires employers to pay at least the minimum wage for all

11  hours worked.

12      54.    As alleged herein, Defendants failed to pay Plaintiffs at least the minimum wage

13  for all hours worked.

14      55.    As a direct and proximate result of Defendants' refusal to pay Plaintiffs the

15  minimum wage for all hours worked, Plaintiffs have sustained damages, including loss of

16  wages, in an amount in excess of the jurisdictional minimum of this Court.

17      56.    Plaintiffs are, therefore, entitled to recover lost wages in an amount according to

18  proof and in excess of the jurisdictional minimum of this Court, and also to recover interest,

19  costs, and attorney's fees as provided by California law.

20      57.    Additionally, Plaintiffs are entitled to recover liquidated damages pursuant to

21  California Labor Code § 1194.2.

22  **FOURTH CAUSE OF ACTION**<br>**Failure to Furnish Accurate Wage Statements**<br>**(California Labor Code §§ 226)**

23  

24      58.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

25  forth herein.

26      59.    California Law, including but not limited to California Labor Code § 226(a),

27  requires employers to furnish employees, at the time of payment of wages, accurate, itemized

28

1  wage statements.

2      60.     As alleged herein, the wage statements provided to Plaintiffs by Defendants do

3  not include the information required by California law, including but not limited to California

4  Labor Code § 226(a).

5      61.     Plaintiffs' ability to calculate unpaid and miscalculated wages and overtime

6  wages has been complicated by the absence of information required by Labor Code 226(a) but

7  missing from the wage statements provided by Defendants.  Additionally, the absence of this

8  information has prevented Plaintiffs from challenging the compensation rates paid by

9  Defendants.

10     62.     As a direct and proximate result of Defendants' failure to provide Plaintiffs with

11  accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and

12  expense in attempting to reconstruct time and pay records.

13     63.     As a direct and proximate result of Defendants' failure to provide Plaintiffs with

14  accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their

15  statutorily protected rights, and have been injured because they were denied both their legal

16  right to receive, and their protected interest in receiving, accurate, itemized wage statements.

17     64.     Defendants' failure to provide accurate, itemized wage statements to Plaintiffs is

18  and was knowing and willful.

19     65.     Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to

20  California Labor Code § 226(e), in addition to costs and attorney's fees as provided by

21  California law.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties**
**(California Labor Code §§ 201, 202, and 203)**

24     66.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set

25  forth herein.

26     67.     California Labor Code §§ 201 and 202 require employers to pay employees,

27  upon the termination of employment, all wages due within the time specified by those statutes.

28     68.     California Labor Code § 203 provides that where an employer willfully fails to

Second Amended Class Action Complaint
*Nucci, et al. v. Rite Aid Corporation*
Page 10

Case No. 19-cv-01434-LHK

1    timely pay such wages, the employer must continue to pay the subject employee's wages until

2    back wages are paid in full or an action is commenced, up to a maximum of thirty days of

3    wages.

4           69.     As alleged herein, all members of Class who have terminated or who will

5    terminate their employment with Defendants at any time prior to entry of judgment in this case

6    were not paid all wages owed to them at the time of termination of employment.

7           70.     As a direct and proximate result of Defendants' failure to pay said Plaintiffs all

8    wages when due upon termination of employment, said Plaintiffs have been injured in an

9    amount to be proved at trial.

10          71.     Accordingly, Plaintiffs who have terminated or who will terminate their

11   employment with Defendants at any time prior to entry of judgment in this case are entitled to

12   payment of thirty days' wages under California Labor Code § 203, and additionally to interest,

13   costs, and attorney's fees.

14   **SIXTH CAUSE OF ACTION**
**Restitution - Unfair Business Practices**

15   **(California Business & Professions Code § 17200, *et seq*.)**

16          72.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set

17   forth herein.

18          73.     Each violation of California law by Defendants as alleged herein constitutes a

19   separate and distinct unfair and unlawful practice in violation of California Business &

20   Professions Code § 17200, *et seq*.

21          74.     As a direct and proximate result of Defendants' conduct as alleged herein,

22   Plaintiffs have been injured in fact and have lost money and property, and Defendants have

23   been enriched by the retention of funds for reimbursement that are the property of Plaintiffs.

24          75.     Plaintiffs are entitled to restitution of all amounts which Defendants were

25   obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged

26   herein, Defendants did not pay to Plaintiffs.  The total of these amounts can be proved with

27   common evidence.

28          76.     Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's

1  fees as provided by California law.

## SEVENTH CAUSE OF ACTION
### Injunction
### (California Business & Professions Code § 17200, *et seq*.)

4    77.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

5  forth herein.

6    78.    Each violation of California law by Defendants as alleged herein constitutes a

7  separate and distinct unlawful and unfair practice in violation of California Business &

8  Professions Code § 17200, *et seq*.

9    79.    Plaintiffs have been harmed by Defendants' unlawful and unfair practices as

10 alleged herein.

11   80.    Defendants continue to engage in the unlawful and unfair practices alleged

12 herein through the present day.

13   81.    Unless enjoined by this Court, Defendants will continue to engage in the

14 unlawful and unfair practices alleged herein.

15   82.    Plaintiffs are entitled to, and therefore request, an injunction of this Court

16 requiring that Defendants permanently cease and desist from engaging in the unlawful and

17 unfair practices alleged herein, and, further, that this Court make such orders as are necessary

18 to monitor Defendants' compliance with said injunction.

19   83.    Plaintiffs are further entitled to costs and attorney's fees for pursuing the

20 injunction requested herein.

## EIGHTH CAUSE OF ACTION
### Penalties Under PAGA
### (California Labor Code 2698, *et seq*.)

23   84.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

24 forth herein.

25   85.    Named Plaintiffs Nucci and Shaw bring this cause of action under the California

26 Private Attorneys General Act of 2004, Labor Code 2698, *et seq*., on behalf of themselves and

27 all Aggrieved Employees.

28   86.    The Aggrieved Employees are defined as follows: All individuals employed at

1  any Rite Aid store in California as a non-exempt employee at any time from March 19, 2018

2  through the trial date.

3    87.    Defendants have violated Labor Code §§ 201, 202, 204, 204b, 223, 226, 1197,

4  and 2802, as well as IWC Wage Order No. 7, §§ 4 and 9(A), with respect to Named Plaintiffs

5  Nucci and Shaw and all Aggrieved Employees, who have been injured as a result of these

6  violations, and Named Plaintiffs Nucci and Shaw and the Aggrieved Employees are entitled to

7  civil penalties pursuant to Labor Code §§ 203, 210, 225.5, 226.3, 558, 1197.1, 2699(a),

8  2699(f), and other applicable law.

9    88.    Named Plaintiffs Nucci and Shaw are Aggrieved Employee of Defendants as

10  defined by Labor Code § 2699(c) because they were employed by Defendants, and

11  Defendants' violations of the Labor Code and IWC Wage Order No. 7 as alleged herein were

12  committed against her.

13    89.    Named Plaintiffs Nucci and Shaw have satisfied the requirements of Labor Code

14  § 2699.3 by giving written notice to the Labor and Workforce Development Agency and to

15  Defendants as required by Labor Code § 2699.3(a)(1)(A), paying the filing fee required by

16  Labor Code § 2699.3(a)(1)(B), and waiting the periods prescribed by Labor Code §

17  2699.3(a)(2)(A) before filing this claim.

18    90.    Accordingly, pursuant to California Labor Code § 2699, Named Plaintiffs Nucci

19  and Shaw are entitled to recover penalties on behalf of themselves and all Aggrieved

20  Employees, and also to recover costs and attorney's fees pursuant to California law, including

21  Labor Code § 2699(g)(1).

22  **VII.   PRAYER FOR RELIEF**

23    Wherefore, Named Plaintiffs, on behalf of themselves and all Plaintiffs, pray for relief

24  as follows:

25    1.    That the Court certify this action as a class action on behalf of the Class pursuant

26  to Federal Rule of Civil Procedure 23;

27    2.    That the Court designate Named Plaintiffs as the representatives of the Class;

28    3.    That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4.      That Defendants be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

5.      That Defendants, at their own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6.      That this action and the Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;

7.      That Defendants be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by Defendants pursuant to the California Labor Code and California Business and Professions Code § 17200, *et seq.*;

8.      That, in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, Defendants be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

9.      That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10.     That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein pending trial of this action, requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding their compliance with said injunction, and requiring Defendants to pay all costs associated with said monitoring said injunction;

11.     That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein, requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Defendants to pay all costs associated with monitoring said injunction:

12.     That Defendants be ordered to pay all PAGA penalties arising from its conduct as alleged herein, to be distributed to the LWDA and the Aggrieved Employees as provided by

1 | Labor Code §§ 558(a)(3), 1197.1, 2699(i), and other applicable law;

2 |        13.     For attorney's fees as provided by statutory and common law;

3 |        14.     For costs of suit incurred; and

4 |        15.     For such other legal and equitable relief as the Court may deem just and proper.

5 |

6 | Dated: October 2, 2019

7 |

8 |

9 | *Carey A. James*

10 | _____

11 | Carey A. James
Attorneys for Plaintiffs

12 |

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Named Plaintiffs, on behalf of themselves and the Class, hereby demand a jury on all

3  causes of action and claims with respect to which Plaintiffs have a right to jury trial.

4

5

Dated: October 2, 2019

6

7

8                                              *Carey A. James*

9                                              _____

                                               Carey A. James
10                                             Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28